J-S27025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIANNE PALMER | : | |
| | : | |
| Appellant | : | No. 419 WDA 2021 |

Appeal from the Order Entered March 29, 2021
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000148-2016

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: NOVEMBER 12, 2021**

Appellant Brianne Palmer appeals from the order dismissing her third Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that the PCRA court erred in rejecting her substantive claims of ineffective assistance by plea counsel and in treating her filing as a PCRA petition, rather than a petition for writ of *habeas corpus*. Following our review of the record, we affirm on the basis of the PCRA court's opinion.

Briefly, on December 20, 2016, the trial court sentenced Appellant to an aggregate term of twenty-two-and-a-half to forty-five years' imprisonment after she pled guilty to third-degree murder and related offenses. Appellant did not file post-sentence motions or a direct appeal. Appellant subsequently

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

filed two petitions for PCRA relief. Appellant withdrew her first petition, and the PCRA court dismissed the second as untimely. **See** PCRA Ct. Order & Op., 3/29/21, at 3.

On March 8, 2021, Appellant filed the instant petition, which she labeled as a petition for writ of *habeas corpus*. On March 11, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition. On March 29, 2021, the PCRA court docketed Appellant's Rule 907 response, which reiterated that she was not proceeding under the PCRA and, instead, "elect[ed] to proceed on the *habeas* option." Appellant's Resp., 3/29/21, at 1. In the event that her petition was dismissed, Appellant requested that the PCRA court treat her Rule 907 filing as a notice of appeal. **Id.** at 2. That same day, the PCRA court issued an order dismissing Appellant's petition.

The PCRA court accepted Appellant's filing as a timely notice of appeal and subsequently issued a Rule 1925(a) opinion incorporating its March 29, 2021 order and opinion dismissing Appellant's petition, and reiterated that Appellant was not entitled to relief.[2] **See** Rule 1925(a) Op., 4/22/21, at 1-2.

On appeal, Appellant raises the following issues for review:

1. Whether plea was irrational, involuntary and whether a rational jurist would have found [Appellant] guilty, essentially due to ineffective assistance of counsel?

2. The [PCRA] court improperly denied her fundamental fairness by declaring *habeas corpus* was proper relief, then denied her

_____

[2] Therein, the PCRA court addressed the errors identified by Appellant in her March 29, 2021 filing.

*habeas* petition based on an untimely PCRA, which is by definition an unconstitutional bill of attainder?

Appellant's Brief at 3-4 (unpaginated) (some formatting altered, sub-arguments omitted).

After reviewing the record, the parties' briefs, and the well-reasoned conclusions of the PCRA court, we affirm on the basis of the PCRA court's opinion. **See** PCRA Ct. Order & Op., 3/29/21, at 1-5. Specifically, we agree with the PCRA court that Appellant's filing must be treated as a PCRA petition and, in any event, her constitutional challenge to the applicability of the PCRA is meritless. **See id.** Therefore, the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2021

**IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | * |
| | * No. CP-11-CR-0000148-2016 |
| vs. | * |
| | * Defendant's Petition for a Writ of |
| BRIANNE PALMER, | * *Habeas Corpus* |
| Defendant. | * |
| | * |

# OPINION

**Krumenacker, P.J.:** Presently before the Court is Brianne Palmer's (Palmer) Petition for a Writ of *Habeas Corpus* (Petition) filed March 8, 2021. Notice of the Court's intention to dismiss the Petition as untimely was sent to Palmer pursuant to Pennsylvania Rule of Criminal Procedure 907 and she was given twenty (20) days to respond to the notice. Palmer filed a Response to the Court's Intention to Dismiss Pursuant to Rule 907 on March 27, 2021, arguing that plea counsel was ineffective for failing to raise a self-defense argument and that the Post-conviction Relief Act (PCRA) is an unconstitutional bill of attainder.

It is well settled that the PCRA encompasses all common law writs, including *habeas corpus*, and serves as the primary means of post-conviction relief in the Commonwealth. 42 Pa. C.S. 9542. As such *habeas* relief is unavailable if, as here, a remedy may be had through PCRA proceedings. 42 Pa. C.S § 6503. As the PCRA provides a potential remedy for the Defendant's claims as they relate to ineffective assistance of counsel during the plea process and challenge the voluntariness of her plea the Petition shall be treated as the Defendant's Third Petition for Post-conviction Relief. 42 Pa. C.S. § 6503; 42 Pa. C.S. 9542; Commonwealth v. West, 595 Pa. 483, 938 A.2d 1034 (2007) (*habeas corpus* relief available only where the PCRA offers no remedy for the defendant's claim); Commonwealth ex rel.

Dadario v. Goldberg, 565 Pa. 280, 773 A.2d 126 (2001) (a petition under the PCRA, rather than one for a writ of *habeas corpus*, was proper procedure to address claim that counsel provided ineffective assistance in plea bargain process); Commonwealth v. Peterkin, 554 Pa. 547, 552, 722 A.2d 638, 640 (1998) (both the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim; *habeas corpus* relief continues to exist only where the PCRA provides no remedy).

It is well settled that "[a]ny petition under [the Post-conviction Relief Act (PCRA)], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petition pleads and proves one of three enumerated exceptions. 42 Pa. C.S. § 9545(b). For purposes of the PCRA, a judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa. C.S § 9545(b)(3); Commonwealth v. Wharton, 584 Pa. 576, 585, 886 A.2d 1120, 1125 (2005). This timeliness requirement is applicable to all PCRA petitions including second and subsequent ones, unless one of the three enumerated exceptions is pled and proven. 42 Pa. C.S. § 9545(b)(1)-(2). See also, Commonwealth v. Geer, 936 A.2d 1075 (Pa. Super. 2007).

A timely filing of a first PCRA petition does not toll the one-year period for the filing of second or subsequent petitions. Commonwealth v. Rienzi, 573 Pa. 503, 827 A.2d 369 (2003) (one-year mandatory time requirements of the PCRA was not tolled for filing second PCRA petition when first petition was timely filed and later withdrawn). To overcome the one-year bar, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements in the petition and the failure to do so is fatal.

Commonwealth v. Perrin, 947 A.2d 1284 (Pa. Super. 2008); Geer, 936 A.2d at 1078–1079. "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." Perrin, 947 A.2d at 1285. Additionally, any petition invoking an exception provided in 42 Pa. C.S. § 9545(b)(1) must be filed within one-year of the date that the claim could have been presented. 42 Pa. C.S. § 9545(b)(2).

Palmer entered a guilty plea and was sentenced on December 20, 2016, a direct appeal to the Pennsylvania Superior Court was not filed, and thus, for purposes of the PCRA, judgment became final January 19, 2017.[1] Accordingly any PCRA petition had to be filed by January 19, 2018. Palmer filed a *pro se* First PCRA Petition (First Petition) on December 22, 2017, and Timothy Burns was appointed counsel on the first petition that same day. On February 27, 2018, the First Petition was withdrawn.

Palmer filed a *pro se* Second PCRA Petition (Second Petition) on October 24, 2019, and Matthew Dombrosky (Dombrosky) was appointed counsel on November 13, 2019. On December 28, 2020, Dombrosky filed a Petition to Withdraw as Counsel and a Turner-Finley letter detailing his conclusion that there existed no meritorious issues in the Second Petition. Pet. to Withdraw and Ex. 5. On January 21, 2021, the Court issued a Rule 907 letter to Palmer informing her of the Court's intention to dismiss the Second Petition as untimely. No reply was received to the Court's letter and the Second Petition was dismissed as untimely on February 22, 2021. Op. and Order of 12/22/21. The incident Third Petition was filed March 8, 2021.

---

[1] This is thirty days after entry of the last order which accounts for the expiration of time to file for review with the Pennsylvania Superior Court. 42 Pa. C.S. § 9545(b)(3); Commonwealth v. Owens, 718 A.2d 330, 331 (Pa. Super. 1998).

All PCRA claims must be asserted in a timely PCRA petition. Here the Petition was filed more than one year after sentence became final on January 19, 2018. Thus to be timely it must plead and prove that one of the enumerated exceptions applies. 42 Pa. C.S. § 9545. See also, Commonwealth v. Bennett, 593 Pa. 382, 930 A.2d 1264 (2007); Commonwealth v. Robinson, 575 Pa. 500, 837 A.2d 1157 (2003); Commonwealth v. Geer, 936 A.2d 1075 (Pa. Super. 2007). As the Petition fails to plead and prove any exception to the one-year time bar it is facially untimely.

Finally, Palmer contends that the PCRA functions as a bill of attainder in violation of Article I, Sections 9 and 10, of the Constitution of the United States and Article I, Section 18, of the Pennsylvania Constitution. "A bill of attainder is defined as a legislative enactment which determines guilt and inflicts punishment upon an identifiable person or group without a judicial trial." Commonwealth v. Scheinert, 359 Pa. Super. 423, 429, 519 A.2d 422, 425 (1986), alloc. denied, 517 Pa. 606, 536 A.2d 1330 (1987) (citing Nixon v. Administrator of General Services, 433 U.S. 425, 468, 97 S.Ct. 2777, 2803, 53 L.Ed.2d 867, 907 (1977)). See also, Silo v. Ridge, 728 A.2d 394, 401 (Pa. Cmwlth. 1999); Commonwealth v. Mountain, 711 A.2d 473, 478 (Pa. Super. 1998). Section 9542 of the PCRA in part reads "[t]his subchapter *provides for an action* by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa. C.S. § 9542 (emphasis added). Thus it clear that the PCRA does not determine guilt or impose punishment on a defendant. Rather, it establishes the procedures by which a defendant whose guilt has been determined, either at trial or by the entry of a guilty plea, can raise collateral challenges to their conviction and sentence. As such Palmer's argument that the PCRA constitutes a bill of attainder fails.

**Accordingly, the following order is entered:**

## IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA,

vs.

BRIANNE PALMER,

             Defendant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

No. CP-11-CR-0000148-2016

Defendant's Petition for a Writ of
*Habeas Corpus*

# ORDER

AND NOW, this 29th day of March 2021, upon consideration of Defendant's Petition for a Writ of *Habeas Corpus*, the Defendant's Response to the Court's Intention to Dismiss Pursuant to Rule 907, the laws of the Commonwealth, and for the reasons contained in the foregoing Opinion, it is hereby **ORDERED, DIRECTED, AND DECREED** that Defendant's Petition is **DISMISSED**.

**The Defendant is notified that she has thirty (30) days to appeal this Order to the Superior Court of Pennsylvania. The Defendant must perfect her appeal by filing a Notice of Appeal with the Cambria County Clerk of Courts.**

**BY THE COURT:**

Norman A. Krumenacker, III, P.J.

COPIES TO:
☑ DEF. ☑ C & F
☑ DA/DS ☐ SHERIFF
☐ ATTY. ☐ OTHER
☐ PO
☐ PD
☐ JAIL
☐ JUDGE
☑ CAps

-Page 5 of 5-